# U.S. District Court
## DISTRICT OF ARIZONA (Phoenix Division)
## CRIMINAL DOCKET FOR CASE #: 2:22–mj–08031–JZB–1

Case title: USA v. Milliron

Other court case number: 1:22–cr–00012–WJM–2 District of Colorado, Denver Division

Date Filed: 02/15/2022

Date Terminated: 02/15/2022

---

Assigned to: Magistrate Judge John Z Boyle

**Defendant (1)**

**Lori Milliron**
*TERMINATED: 02/15/2022*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Opening)** | |
| --- | --- |
| None | |

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Terminated)** | |
| --- | --- |
| None | |

| **Complaints** | **Disposition** |
| --- | --- |
| Rule 5 Superseding Indictment: Count 3 – 18:3, Accessory After the Fact; Count 4 – 18:1503, Obstruction of Grand Jury Proceeding; Counts 5–9 – 18:1623(a), Perjury Before Grand Jury | |

---

**Plaintiff**

**USA**

represented by **Sheila Phillips**
US Attorneys Office – Phoenix, AZ
2 Renaissance Square
40 N Central Ave., Ste. 1800
Phoenix, AZ 85004–4408
602–514–7500
Fax: 602–514–7650
Email: sheila.phillips2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 02/15/2022 | 1 | Arrest (self–surrender) of Lori Milliron on 2/15/2022 (Rule 5 Superseding Indictment – Warrant from the District of Colorado). (MRH) (Additional attachment(s) added on |

| | | 2/15/2022: # 1 Signed Warrant from charging district). (MRH) (Entered: 02/15/2022) |
|---|---|---|
| 02/15/2022 | 3 | MINUTE ENTRY for proceedings held before Magistrate Judge John Z Boyle: Initial Appearance in Rule 5(c)(3) Proceedings as to Lori Milliron held on 2/15/2022. Let the record reflect that Defendant's retained attorney, John Dill, is not admitted to practice in the U.S. District Court, District of Arizona. The Court advises Counsel of the proper rules and policies. Rule 5(c)(3) Identity Hearing waived. The Court finds that Defendant is the individual named in the superseding indictment. Detention is discussed. Defendant is ordered released on own recognizance with conditions. Conditions of release reviewed on the record with Defendant. Defendant is advised of her next court date in the District of Colorado.<br><br>As required by Rule 5(f), the United States is ordered to produce all information required by Brady v. Maryland and its progeny. Not doing so in a timely manner may result in sanctions including exclusion of evidence, adverse jury instructions, dismissal of charges, and contempt proceedings.<br><br>**Appearances**: AUSA Sheila Phillips for the Government, retained attorney John Dill for defendant. Defendant is present in the courtroom and in custody. (Recorded by COURTSMART.) Hearing held 12:47 PM to 1:02 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (SLQ) (Entered: 02/15/2022) |
| 02/15/2022 | 4 | ORDER: Pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, the United States is ordered to disclose in a timely manner all exculpatory evidence to the defendant(s), that is, all evidence that is favorable to the defendant(s) or tends to cast doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Failure to comply with this order may result in consequences, including, but not limited to, the reversal of any conviction, the exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, and/or sanctions by the Court.<br><br>Ordered by Magistrate Judge John Z Boyle.(SLQ)(This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) (Entered: 02/15/2022) |
| 02/15/2022 | 5 | ORDER Setting Conditions of Release as to Lori Milliron. Signed by Magistrate Judge John Z Boyle on 2/15/22.(SLQ) (Additional attachment(s) added on 2/15/2022: # 1 Conditions of release without blank page) (SLQ). (Entered: 02/15/2022) |
| 02/15/2022 | 6 | ORDER REQUIRING DEFENDANT TO APPEAR IN THE CHARGING DISTRICT – District of Colorado as to Lori Milliron. Signed by Magistrate Judge John Z Boyle on 2/15/22.(SLQ) (Entered: 02/15/2022) |
| 02/15/2022 | 7 | Notice to District of Colorado of a Rule 5 or Rule 32 Initial Appearance as to Lori Milliron. Your case number is: 1:22–CR–00012–WJM–2. Please use PACER Court Links to access the public docket and documents.<br><br>*(If you wish to designate a different email address for future transfers, please send your request to the national list host at InterdistrictTransfer_TXND@txnd.uscourts.gov.)* (SLQ) (Entered: 02/15/2022) |
| 02/15/2022 | 8 | NOTICE re: PASSPORT as to Lori Milliron. Defendant is not permitted to apply for the issuance of a passport and/or passport card during the pendency of this action., NOTICE re SURRENDER of Passport as to Lori Milliron. Issued by USA. Defendant not permitted to apply for passport/passport card during the pendency of this action. (VE) (Entered: 02/15/2022) |

DOA
2-15-22

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012

Az. NO: 22-8031MJ

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.

1.    **LAWRENCE RUDOLPH and**
2.    **LORI MILLIRON,**

      **Defendants.**

---

## SUPERSEDING INDICTMENT

The Grand Jury Charges that:

### COUNT 1

1.    On or about October 11, 2016, the defendant LAWRENCE RUDOLPH, being a national of the United States as defined by the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(22), willfully, deliberatively, maliciously, and with premeditation and malice aforethought, unlawfully killed Bianca Rudolph, a national of the United States as likewise defined by the Immigration and Nationality Act, while she was outside the United States but within the jurisdiction of another country.

All in violation of Title 18, United States Code, Sections 1119 and 1111.

### COUNT 2

2.    Beginning no later than October 11, 2016, and continuing until on or about March 16, 2017, within the state and district of Colorado and elsewhere, the defendant LAWRENCE RUDOLPH, devised and intended to devise a scheme and artifice to defraud

1

and to obtain, by means of materially false and fraudulent pretenses, representations and promises, money and property, to wit a total of approximately $4,877,744.93 in U.S. currency, from LIFE INSURANCE COMPANIES 1-7, the identities of which are known to the Grand Jury.

3.     LAWRENCE RUDOLPH defrauded LIFE INSURANCE COMPANIES 1-7 by means, of among others, the false and fraudulent pretense, representation and promise that Bianca Rudolph had died as the result of the accidental discharge of a firearm when, in fact, she had been murdered as alleged in COUNT 1.

4.     On or about the dates listed below, in the State and District of Colorado and elsewhere, for the purpose of executing the scheme, defendant LAWRENCE RUDOLPH knowingly caused and aided and abetted others who knowingly caused to be delivered by the interstate commercial carrier identified below addressed to the address listed below, according to the direction thereon, an envelope containing documents related to the life insurance policy identified below:

| Date | Company | Policy/ Certificate Number | Address Where Sent | Carrier |
|---|---|---|---|---|
| 1/18/17 | LIFE INSURANCE COMPANY 1 | 104TLP 105665 | 116 Inverness Drive East Englewood, CO 80112 | Federal Express |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 3

5.     On or about January 5, 2022, in the State and District of Colorado, the defendant LORI MILLIRON, knowing that an offense against the United States had been committed, that is the foreign murder described in Count 1, did comfort and assist the offender, LAWRENCE RUDOLPH, in order to hinder his trial and punishment.

All in violation of 18 United States Code, Section 3.

2

## COUNT 4

6.      On or about January 5, 2022, in the State and District of Colorado, the defendant

LORI MILLIRON corruptly influenced, obstructed and impeded and endeavored to influence,

obstruct and impede the due administration of justice, to wit, MILLIRON provided false and

misleading testimony to a grand jury sitting in the District of Colorado regarding (i) the

circumstances of cash payments made to her by LAWRENCE RUDOLPH in 2015, 2016 and

2017, (ii) the nature, scope, and circumstances of her relationship with LAWRENCE

RUDOLPH, (iii) the nature and circumstances of LAWRENCE RUDOLPH's relationship with

Bianca Rudolph, (iv) whether she gave LAWRENCE RUDOLPH an ultimatum to leave his

wife, (v) what LAWRENCE RUDOLPH told her about the circumstances of the death of Bianca

Rudolph, (vi) her discussion with LAWRENCE RUDOLPH about a pending investigation by the

Federal Bureau of Investigation; and (vi) the circumstances of the accident that caused

LAWRENCE RUDOLPH to lose part of his thumb.

All in violation of Title 18 United States Code § 1503(a)

## COUNT 5

7.      On or about January 5, 2022, in the State and District of Colorado, the defendant

LORI MILLIRON, having taken an oath to testify truthfully in a proceeding before a grand jury

of the United States sitting in the District of Colorado, knowingly made false material

declarations, that is, MILLIRON gave the following underlined false testimony:

Q:      At the time you were working at Three Rivers, did you have any other substantial
        source of cash income?

A:      I don't recall

Q:      Do you recall making – well, how frequently do you think you deposited cash into
        your personal account?

3

A:      I don't know. I couldn't say

       . . . .

Q:      Take a look at Exhibit 2. This is an analysis of cash deposits into your PNC Bank account. Do you recall depositing approximately $20,000 in cash into that account in 2014?

A:      <u>No, I don't.</u>

Q:      $60,000 in 2015?

A:      <u>No, I don't.</u>

All in violation of Title 18, United States Code, Section 1623(a).

COUNT 6

8.     On or about January 5, 2022, in the State and District of Colorado, the defendant

LORI MILLIRON, having taken an oath to testify truthfully in a proceeding before a grand jury

of the United States sitting in the District of Colorado, knowingly made false material

declarations, that is, MILLIRON gave the following underlined false testimony:

Q:      Why was Larry paying you this additional money if you already had a salary for those things?

A:      Because he wanted to help me.

Q:      Did he explain why?

A:      He was very generous.

       . . . .

Q:      So in 2015 you received approximately double your salary — or your salary again but all in cash?

A:      Yes

Q:      And in 2016 you received a little bit more than your salary in cash?

A:      Yes.

4

Q:    Why was Larry so generous to you?

A:    <u>I don't know why.</u>   But like I said, he would give other — staff members, he would buy them washers and dryers. He would give them cash if they needed it, a whole variety of things.

Q:    So your testimony before the members of the Grand Jury today is that you don't know exactly why he gave you $60,000 in 2015?

A:    <u>I don't know exactly why.</u>

All in violation of Title 18, United States Code, Section 1623(a).

COUNT 7

9.    On or about January 5, 2022, in the State and District of Colorado, the defendant

LORI MILLIRON, having taken an oath to testify truthfully in a proceeding before a grand jury

of the United States sitting in the District of Colorado, knowingly made false material

declarations, that is, MILLIRON gave the following underlined false testimony:

Q:    Ms. Milliron, if you'll notice there was $75,000 in 2016 with $33,500 in 2017. Do you see that?

A:    Yes.

Q:    Why would he give you less in 2017?

A:    I don't know why.

           . . . .

Q:    He gave you approximately $75,450 in 2016 and in 2017 he gave you $33,350. I believe your testimony earliest was that you weren't sure why he gave you less in 2017. Do you now remember why he might have given you less in 2017?

A:    No.   I don't know why.

Q:    Was it because at that point you were on his American Express card?

A:    <u>No.   The card was basically part of my — it's a Three Rivers Dental card.   It was part of my perks, I guess.</u>

All in violation of Title 18, United States Code, Section 1623(a).

5

<u>COUNT 8</u>

10.     On or about January 5, 2022, in the State and District of Colorado, the defendant

LORI MILLIRON, having taken an oath to testify truthfully in a proceeding before a grand jury

of the United States sitting in the District of Colorado, knowingly made false material

declarations, that is, MILLIRON gave the following underlined false testimony:

Q:      Before that hunt had you ever given him an ultimatum that he needed to leave his
        wife?

A:      <u>I don't believe so.</u>

Q:      You don't believe so or you did not?

A:      <u>I don't think I did.</u>

Q:      Could he have — well, did you ever threaten to break off the affair?

A:      <u>I don't remember.</u>

        . . . .

Q:      So you said you don't think you could have given an ultimatum.   Ms. Milliron,
        yes or no, did you ever give him an ultimatum?

A:      <u>No.</u>

        . . . .

Q:      Did you ever tell anyone at the office you were thinking about leaving Mr.
        Rudolph?

A:      <u>No.</u>

Q:      Did you ever tell anyone at the office that you had given Mr. Rudolph an
        ultimatum that he needed to leave his wife?

A:      <u>No, I did not.</u>

All in violation of Title 18, United States Code, Section 1623(a).

6

<u>COUNT 9</u>

11.     On or about January 5, 2022, in the State and District of Colorado, the defendant

LORI MILLIRON, having taken an oath to testify truthfully in a proceeding before a grand jury

of the United States sitting in the District of Colorado, knowingly made false material

declarations, that is, MILLIRON gave the following underlined false testimony:

Q:     Did he say anything about the merits of an investigation?

A:     I don't recall.

Q:     Did he say anything about whether it was an accident?

A:     No. He had told me previously it was an accident.

        . . . .

Q:     Did he proclaim his innocence?

A:     <u>He probably did.   I don't really recall that.</u>

Q:     What do you recall?

A:     I really don't recall.

Q:     As you sit here today with the members of the Grand Jury, you don't recall a
        conversation with Mr. Rudolph about an FBI investigation?

A:     There has been a conversation about that, but I think he was aggravated. I can't
        give you specifics.

Q:     Can you give me generalities?

A:     <u>Irritated that there was an FBI investigation because he felt he was innocent.</u>

All in violation of Title 18, United States Code, Section 1623(a).

7

## NOTICE OF FORFEITURE

12.     The allegation contained in Count 2 of this Superseding Indictment is hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

13.     Upon conviction of the violation alleged in Count 2 of this Indictment involving the commission of a violation of Title 18, United States Code, Sections 1341 and 2, the defendant LAWRENCE RUDOLPH shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all rights, title, and interest in all property constituting and derived from any proceeds he obtained directly and indirectly as a result of such offense or offenses or shall be liable for a money judgment in the amount of the proceeds that he obtained as a result of the scheme charged in Count 2 of this Superseding Indictment.

14.     If any of the property described above, as a result of any act or omission of LAWRENCE RUDOLPH, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been substantially diminished in value; or has been commingled with other property that cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c),

. . . .

. . . .

. . . .

. . . .

. . . .

8

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of LAWRENCE RUDOLPH up to the value of the forfeitable property described above.

A True Bill:

Ink signature on file in Clerk's Office
Foreperson

COLE FINEGAN
United States Attorney

By:    /s Bryan Fields
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By:    E. Garreth Winstead
E. Garreth Winstead
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Garreth.Winstead@usdoj.gov
Attorney for the Government

By:    J. Bishop Grewell
J. Bishop Grewell
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bishop.Grewell@usdoj.gov
Attorney for the Government

9

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the

District of Colorado

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | )   Case No. |
| | ) |
| LORI MILLIRON, | ) |
| *Defendant* | ) |

## ARREST WARRANT

To:    Any authorized law enforcement officer

   **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   LORI MILLIRON                                                                ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☑ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

   Count 3: 18 U.S.C. § 3
   Count 4:  18 U.S.C. § 1503
   Counts 5-9: 18 U.S.C. § 1623(a)

Date: _____                    _____
                                                      *Issuing officer's signature*

City and state: _____        _____
                                                      *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____                    _____ <br> *Arresting officer's signature* <br><br> _____ <br> *Printed name and title* |

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the

District of Colorado

|  |  |  |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | Case No. 22-cr-00012-WJM-2 |
| | ) | |
| | ) | |
| LORI MILLIRON, | ) | |
| _Defendant_ | ) | |

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_    LORI MILLIRON                                                ,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment  ☑ Superseding Indictment  ❏ Information  ❏ Superseding Information  ❏ Complaint
❏ Probation Violation Petition  ❏ Supervised Release Violation Petition  ❏ Violation Notice  ❏ Order of the Court

This offense is briefly described as follows:

Count 3: 18 U.S.C. § 3
Count 4:  18 U.S.C. § 1503
Counts 5-9: 18 U.S.C. § 1623(a)

Date:     02/09/2022                                    _s/T. Vo, Deputy Clerk_
                                                          _Issuing officer's signature_

City and state:     Denver, Colorado                    _Jeffrey P. Colwell, Clerk of Court_
                                                          _Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_ _____ , and the person was arrested on _(date)_ _____ at _(city and state)_ _____ . |
| Date: _____          _____<br>_Arresting officer's signature_<br><br>_____<br>_Printed name and title_ |

# UNITED STATES DISTRICT COURT
## ARIZONA – PHOENIX
### February 15, 2022

**USA v. Lori Milliron**      **Case Number: 22-08031MJ-001-PHX-JZB**

## ORDER SETTING CONDITIONS OF RELEASE

☒ **PERSONAL RECOGNIZANCE**
☐ **AMOUNT OF BOND:**
   ☐ **UNSECURED**
   ☐ **SECURED BY:**
**SECURITY TO BE POSTED BY:**

FILED ✓
RECEIVED ___
LODGED ___
COPY ___
FEB 15 2022
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

**NEXT APPEARANCE:** As directed through counsel - 2/23/22, 2:00 PM, Judge Wang
☒ Alfred A. Arraj United States Courthouse, 901 19th St, Denver, CO 80294, 303-844-3433

Pursuant to 18 U.S.C. § 3142(c)(l)(B), the Court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

**IT IS ORDERED** that defendant is subject to the following conditions and shall:

☒    promise to appear at all proceedings as required and to surrender for service of any sentence imposed.

☒    not commit any federal, state or local crime.

☒    cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

☒    IMMEDIATELY advise his/her attorney and Pretrial Services, in writing, PRIOR to any change in residence address, mailing address and telephone number.

☐    maintain or actively seek employment (combination work/school) and provide proof of such to Pretrial Services.

☐    not travel outside of Arizona unless PRIOR Court or Pretrial Services permission is granted to do so.

☒    only travel directly to the prosecuting district, and through all states and counties between the District of Arizona and the prosecuting district, for Court purposes and lawyer conferences unless PRIOR Court or Pretrial Services permission is granted to travel elsewhere.

☒    avoid all direct or indirect contact with persons who are considered alleged victim(s), potential witness(es) or co-defendants (Lawrence Rudolph)

☒    shall report as directed to the U.S. PRETRIAL SERVICES 1-800-769-7609 or 602-322-7350; 401 W. Washington St., Suite 260, Phoenix, AZ 85003.

☐    not drive without a valid driver license.

☐    execute an agreement to forfeit the bond or designated property upon failing to appear as required:

☐    be released to the third-party custody of:   and shall reside with the third-party custodian unless Pretrial Services approves the defendant to reside elsewhere.

☐    Choose an item. The defendant shall participate in alcohol treatment, submit to alcohol testing and make copayment toward the cost of such services, as directed by Pretrial Services. The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any substance use testing or monitoring.

☐    not use or possess a narcotic drug or other controlled substance (as defined by 21 U.S.C. § 802) unless prescribed for the defendant by a licensed medical practitioner; this provision does not permit the use or possession of medicinal marijuana even with a physician's written certification. The defendant shall not

**USA v. Lori Milliron**                                      **Case Number: 22-08031MJ-001-PHX-JZB**

February 15, 2022                                                                                     Page 2 of 4

possess, ingest, or otherwise use a synthetic cannabinoid or synthetic narcotic. The defendant shall participate in drug treatment and submit to drug testing and make copayment toward the cost of such services as directed by Pretrial Services. The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any substance use testing or monitoring.

☒   surrender all travel documents to Pretrial Services by February 15, 2022 or February 16, 2022 and shall not obtain a passport or other travel document during the pendency of these proceedings.

☐   not obtain a passport or other travel documents during the pendency of these proceedings.

☐   maintain or commence an educational program and provide proof of such to Pretrial Services.

☒   not possess or attempt to acquire any firearm, destructive device, or other dangerous weapon or ammunition. Defendant must comply with this directive by February 19, 2022 at 5:00 PM.

☐   abide by specified restrictions on personal associations, place of abode or travel.

☒   maintain weekly contact with his/her attorney by Friday, noon of each week.

☐   timely pay his/her monthly child support payments as previously ordered by the subject state court in the total amount of: $

☐   not obtain any new financial accounts without prior notification and approval of Pretrial Services.

☐   participate in a mental health treatment program and comply with all the treatment requirements including taking all medication prescribed by the mental health care provider and make a copayment toward the cost of such services as directed by Pretrial Services.

☐   resolve all pending lower court matters and provide proof of such to Pretrial Services.

☐   participate in a Specialized Treatment Program and comply with all treatment requirements including taking all medications prescribed by a physician/psychiatrist and make a copayment toward the cost of services as directed by Pretrial Services.

☐   register as a sex offender in compliance with all federal, state, tribal or local laws or as ordered by the court. Failure to comply with registration laws may result in new criminal charges.

☐

## LOCATION MONITORING

The defendant shall participate in the following location monitoring program component(s) and shall abide by all program requirements. The defendant shall pay all or part of the cost of the participation in the location monitoring program as directed by the court or Pretrial Services.

☐   **(Curfew)** The defendant is restricted to his/her residence every day ☐ from Click here to enter text. to Click here to enter text. or ☐ as directed by Pretrial Services.

☒   **(Home Detention)** The defendant is restricted to his/her residence at all times except for; employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by Pretrial Services.

☐   **(Home Incarceration)** The defendant is restricted to his/her residence at all times except for medical necessities and court appearances or other activities specifically approved by the court.

**USA v. Lori Milliron**                          **Case Number: 22-08031MJ-001-PHX-JZB**

February 15, 2022                                               Page 3 of 4

☐ **(Stand Alone Monitoring)** The defendant has no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.

**Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

The defendant shall submit to the location monitoring technology indicated below and shall abide by all of the technological requirements and instructions provided by Pretrial Services.

☒ Location monitoring technology at the officer's discretion

☐ Radio Frequency (RF) Monitoring

☐ Active GPS Monitoring

☐ Voice Recognition

### ADVICE OF PENALTIES AND SANCTIONS

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE: 2/15/2022 | SIGNATURE OF DEFENDANT *Lori A. Milliron* |
|---|---|

**USA v. Lori Milliron**                    **Case Number: 22-08031MJ-001-PHX-JZB**

**February 15, 2022**                                          Page 4 of 4

Custodian agrees to (a) supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and to notify the court immediately in the event the defendant violates any condition of release or disappears. We, the undersigned, have read and understand the terms of this bond and conditions of release and acknowledge that we are bound by it until duly exonerated.

| SIGNATURE OF CUSTODIAN(S) |
| --- |
|  |

**Directions to United States Marshal:**

☒ The defendant is ORDERED released after processing.

☐ The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

DATE: February 15, 2022

_____
John Z. Boyle
United States Magistrate Judge

USA, PTS/PROB, USM, DEFT, DEFT ATTY

usms confirmed receipt on 2/15/22 at 1:24pm

# UNITED STATES DISTRICT COURT
## ARIZONA – PHOENIX
### February 15, 2022

**USA v. Lori Milliron**                    Case Number: **22-08031MJ-001-PHX-JZB**

## ORDER SETTING CONDITIONS OF RELEASE

☒ **PERSONAL RECOGNIZANCE**
☐ **AMOUNT OF BOND:**
  ☐ **UNSECURED**
  ☐ **SECURED BY:**
**SECURITY TO BE POSTED BY:**

FILED ✓
RECEIVED ___          LODGED ___
                       COPY ___
FEB 15 2022
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

**NEXT APPEARANCE:** As directed through counsel - 2/23/22, 2:00 PM, Judge Wang
☒ Alfred A. Arraj United States Courthouse, 901 19ᵗʰ St, Denver, CO 80294, 303-844-3433

Pursuant to 18 U.S.C. § 3142(c)(l)(B), the Court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

**IT IS ORDERED** that defendant is subject to the following conditions and shall:

☒ promise to appear at all proceedings as required and to surrender for service of any sentence imposed.

☒ not commit any federal, state or local crime.

☒ cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

☒ IMMEDIATELY advise his/her attorney and Pretrial Services, in writing, PRIOR to any change in residence address, mailing address and telephone number.

☐ maintain or actively seek employment (combination work/school) and provide proof of such to Pretrial Services.

☐ not travel outside of Arizona unless PRIOR Court or Pretrial Services permission is granted to do so.

☒ only travel directly to the prosecuting district, and through all states and counties between the District of Arizona and the prosecuting district, for Court purposes and lawyer conferences unless PRIOR Court or Pretrial Services permission is granted to travel elsewhere.

☒ avoid all direct or indirect contact with persons who are considered alleged victim(s), potential witness(es) or co-defendants (Lawrence Rudolph)

☒ shall report as directed to the U.S. PRETRIAL SERVICES 1-800-769-7609 or 602-322-7350; 401 W. Washington St., Suite 260, Phoenix, AZ 85003.

☐ not drive without a valid driver license.

☐ execute an agreement to forfeit the bond or designated property upon failing to appear as required:

☐ be released to the third-party custody of:   and shall reside with the third-party custodian unless Pretrial Services approves the defendant to reside elsewhere.

☐ Choose an item. The defendant shall participate in alcohol treatment, submit to alcohol testing and make copayment toward the cost of such services, as directed by Pretrial Services. The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any substance use testing or monitoring.

☐ not use or possess a narcotic drug or other controlled substance (as defined by 21 U.S.C. § 802) unless prescribed for the defendant by a licensed medical practitioner; this provision does not permit the use or possession of medicinal marijuana even with a physician's written certification. The defendant shall not

| USA v. Lori Milliron | Case Number: 22-08031MJ-001-PHX-JZB |
| --- | --- |
| February 15, 2022 | Page 2 of 4 |

possess, ingest, or otherwise use a synthetic cannabinoid or synthetic narcotic. The defendant shall participate in drug treatment and submit to drug testing and make copayment toward the cost of such services as directed by Pretrial Services. The defendant shall not obstruct or attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any substance use testing or monitoring.

☒ surrender all travel documents to Pretrial Services by February 15, 2022 or February 16, 2022 and shall not obtain a passport or other travel document during the pendency of these proceedings.

☐ not obtain a passport or other travel documents during the pendency of these proceedings.

☐ maintain or commence an educational program and provide proof of such to Pretrial Services.

☒ not possess or attempt to acquire any firearm, destructive device, or other dangerous weapon or ammunition. Defendant must comply with this directive by February 19, 2022 at 5:00 PM.

☐ abide by specified restrictions on personal associations, place of abode or travel.

☒ maintain weekly contact with his/her attorney by Friday, noon of each week.

☐ timely pay his/her monthly child support payments as previously ordered by the subject state court in the total amount of: $            .

☐ not obtain any new financial accounts without prior notification and approval of Pretrial Services.

☐ participate in a mental health treatment program and comply with all the treatment requirements including taking all medication prescribed by the mental health care provider and make a copayment toward the cost of such services as directed by Pretrial Services.

☐ resolve all pending lower court matters and provide proof of such to Pretrial Services.

☐ participate in a Specialized Treatment Program and comply with all treatment requirements including taking all medications prescribed by a physician/psychiatrist and make a copayment toward the cost of services as directed by Pretrial Services.

☐ register as a sex offender in compliance with all federal, state, tribal or local laws or as ordered by the court. Failure to comply with registration laws may result in new criminal charges.

☐

## LOCATION MONITORING

The defendant shall participate in the following location monitoring program component(s) and shall abide by all program requirements. The defendant shall pay all or part of the cost of the participation in the location monitoring program as directed by the court or Pretrial Services.

☐ **(Curfew)** The defendant is restricted to his/her residence every day ☐ from Click here to enter text. to Click here to enter text. or ☐ as directed by Pretrial Services.

☒ **(Home Detention)** The defendant is restricted to his/her residence at all times except for; employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by Pretrial Services.

☐ **(Home Incarceration)** The defendant is restricted to his/her residence at all times except for medical necessities and court appearances or other activities specifically approved by the court.

**USA v. Lori Milliron**                                      **Case Number: 22-08031MJ-001-PHX-JZB**

February 15, 2022                                                                        Page 3 of 4

☐ **(Stand Alone Monitoring)** The defendant has no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
**Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

The defendant shall submit to the location monitoring technology indicated below and shall abide by all of the technological requirements and instructions provided by Pretrial Services.

☒ Location monitoring technology at the officer's discretion

☐ Radio Frequency (RF) Monitoring

☐ Active GPS Monitoring

☐ Voice Recognition

## ADVICE OF PENALTIES AND SANCTIONS

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE: 2/15/2022 | SIGNATURE OF DEFENDANT _Lori A. Milliron_ |
|---|---|

**USA v. Lori Milliron**                    **Case Number: 22-08031MJ-001-PHX-JZB**

**February 15, 2022**                                              Page 4 of 4

Custodian agrees to (a) supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and to notify the court immediately in the event the defendant violates any condition of release or disappears. We, the undersigned, have read and understand the terms of this bond and conditions of release and acknowledge that we are bound by it until duly exonerated.

| SIGNATURE OF CUSTODIAN(S) |
| --- |
|  |

**Directions to United States Marshal:**

☒  The defendant is ORDERED released after processing.

☐  The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

DATE: February 15, 2022

John Z. Boyle
**United States Magistrate Judge**

USA, PTS/PROB, USM, DEFT, DEFT ATTY

*usms confirmed receipt on 2/15/22 at 1:24pm*

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT

### For the District of Arizona

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   **22-08031MJ-001-PHX-JZB** |
| | ) | |
| **Lori Milliron** | ) | Charging District:   District of Colorado |
| *Defendant* | ) | Charging District's Case No.   1:22-CR-00012-WJM-2 |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges.  If the time to appear in that court has not yet been set, the defendant must appear when notified to do so.  Otherwise, the time and place to appear in that court are:

| **Place**: | **Courtroom No.:**  TBD |
|---|---|
| Alfred A Arraj Courthouse | |
| 901 19th St Denver, CO 80294 | |
| 303-844-3433 | **Date:**      February 23, 2022 |
| MAGISTRATE JUDGE: | **Time:**      2:00 PM |
| Judge Wang | |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date:              February 15, 2022

John Z. Boyle
United States Magistrate Judge

AZD PS 40  (AZD Rev. 10/12) Notice Regarding United States Passport for Criminal Defendant

# UNITED STATES DISTRICT COURT
for the
## District of Arizona

### NOTICE REGARDING UNITED STATES PASSPORT FOR CRIMINAL DEFENDANT

| | |
|---|---|
| **TO:** **Office of Legal Affairs, Passport Services** U.S. Department of State CA/PPT/L/LA 44132 Mercure Circle P.O. Box 1243 Sterling, VA 20166-1243 | **FROM:** United States Pretrial Services Sandra Day O'Connor Courthouse, Suite 260 401 W. Washington Street, SPC 8 Phoenix, Arizona 85003-2119 (602) 322-7350 Fax: (602) 322-7380 |

**Original Notice**

**Date:** February 15, 2022

**By:** VE

| | | |
|---|---|---|
| Defendant: Lori Ann Milliron | Case Number: | 1082 2:22CR00006 |
| Date of Birth: ██████████ | Place of Birth: | Ellwood City, PA |
| SSN: ██████████ | | |

**Notice of Court Order** (Order Date: February 15, 2022)

☒ The above-named defendant is not permitted to apply for the issuance of a passport and/or passport card during the pendency of this action.

☒ The above-named defendant surrendered Passport number ██████ to the custody of the U.S. Pretrial Services on February 15, 2022.

## NOTICE OF DISPOSITION
The above case has been disposed of.

☐ The above order of the court is no longer in effect.

☐ Defendant not convicted – Document returned to defendant.

☐ Defendant not convicted – Document enclosed for further investigation due to evidence that the document may have been issued in a false name.

☐ Defendant convicted – Document and copy of judgment enclosed.

**Distribution:**
Original to case file
Department of State
Defendant *(or representative)*
Clerk of Court