IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cr. No. 22-cr-00012-2 |
| **LORI MILLIRON,** | ) ) ) |
| Defendant. | ) ) |

### MOTION FOR ENTRY OF UNOPPOSED PROTECTIVE ORDER

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the United States hereby moves this Court for the entry of the attached protective order regulating the use, dissemination, and disposition of certain discovery material in the above-captioned case, and states as follows in support thereof:

1. On December 27, 2021, United States Magistrate Judge Scott T. Varholak entered an unopposed protective order in the matter of 1:21-mj-00209-MEH, which involved proceedings on the criminal complaint charging defendant Lawrence Rudolph. ECF No. 10. Rudolph was subsequently indicted on January 5, 2022.

2. On February 9, 2022 defendant Lori Milliron was charged in a superseding indictment with counts of being accessory-after-the-fact to murder, obstruction of the grand jury, and several counts of perjury. ECF No. 53.

3. The government would like to provide discovery to defendant Lori Milliron as soon as possible. Those materials include detailed statements from potential witnesses, audio-recordings of those interviews and expert reports and supporting materials.(hereinafter "Protected Discovery Material"). To expedite the exchange of discovery material between the

parties, the United States seeks to disclose the Protected Discovery Material to the Defendant pursuant to the unopposed protective order ("the Protective Order").

4. Rule 16(d)(1) of the Federal Rules of Criminal Procedure, entitled "Protective and Modifying Orders," authorizes this Court to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" upon a showing of good cause.

5. Here, there is good cause for this Court to restrict the Defendant's use, dissemination and disposition of the Protected Discovery Material according to the terms set forth in the Protective Order because it will expedite the flow of discovery, allowing defense counsel access to information important to preparing the defense while also preventing that material from being distributed in a way protects the security and privacy of witnesses, as well as anything that might influence another's recollection or otherwise interfere with the government's ongoing efforts to obtain objective information bearing on its evaluation of the conduct at issue.

6. Counsel for the government have conferred with counsel for defendant Lori Milliron and the defendant does not object to the entry of the Protective Order, which mirrors the. Protective Order already issued in relation to defendant Lawrence Rudolph.

7. For these reasons, the United States respectfully requests that this Court enter the limitations on the Defendant's use, dissemination and disposition of the Protected Discovery

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

Material set forth in the proposed protective order that is attached to this motion.

Respectfully submitted,

COLE FINEGAN
United States Attorney

| By: */s Bryan Fields* | By: *E. Garreth Winstead* | By: *J. Bishop Grewell* |
|---|---|---|
| Bryan Fields | E. Garreth Winstead | J. Bishop Grewell |
| Assistant United States Attorney | Assistant United States Attorney | Assistant United States Attorney |
| U.S. Attorney's Office | U.S. Attorney's Office | U.S. Attorney's Office |
| 1801 California St. Suite 1600 | 1801 California St. Suite 1600 | 1801 California St. Suite 1600 |
| Denver, CO 80202 | Denver, CO 80202 | Denver, CO 80202 |
| (303) 454-0100 | (303) 454-0100 | (303) 454-0100 |
| Bryan.Fields3@usdoj.gov | Garreth.Winstead@usdoj.gov | Bishop.Grewell@usdoj.gov |
| Attorney for the Government | Attorney for the Government | Attorney for the Government |