IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LAWRENCE RUDOLPH and
**2. LORI MILLIRON**,

    Defendants.

---

**GOVERNMENT'S MOTION TO DISCLOSE
GRAND JURY MATERIALS UNDER SPECIFIED
CONDITIONS TO THE ATTORNEY FOR DEFENDANT
LORI MILLIRONPURSUANT TO FED. R. CRIM. P. 6(e)(3)(E)(i)**

---

The UNITED STATES OF AMERICA, by and through the undersigned Assistant United States Attorneys respectfully moves this Court for an Order allowing the government to disclose copies of the transcripts of testimony given by witnesses before a grand jury during the investigation of this case, and the accompanying exhibits, to the attorneys for defendant LORI MILLIRON in this case and the United States Probation Office under the conditions specified below.  As grounds for this motion, the government says:

    1.    During the course of the investigation which resulted in the indictment in this case, one or more witnesses testified before the grand jury.

    2.    Disclosure of grand jury material may be authorized pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, which provides that, "The court may authorize disclosure–at a time, in a manner, and subject to any other conditions that it directs–of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding . . . ."

3. This case is a "judicial proceeding" and the requested disclosure is "in connection with" the proceeding.

4. The Government's understanding is that the usual practice of defense counsel in this district is not to provide the defendant with copies of grand jury materials, but instead to orally review the contents of such materials with them. As the government understands it, this practice flows from the concern, shared by the government and based on past events in the district, that grand jury materials might otherwise be improperly distributed by defendants. *See United States v. Jimenez*, 928 F.2d 356, 359-61 (10th Cir. 1991).

5. Because of the nature of the materials sought to be disclosed, the timing of the contemplated disclosure, and the possibility of loss or dissemination of copies of the grand jury materials, the government would request that the Court further order that:

    a. Defense counsel make only such copies as are necessary to prepare a defense of the criminal case;

    b. Defense counsel keep a written record concerning how many copies were made, to whom those copies were delivered, and the date of delivery, and that defense counsel deliver a copy of any Order allowing disclosure with the materials;

    c. Defense counsel provide the defendant LORI MILLIRON with reasonable access to the grand jury materials, but that defense counsel not allow the defendant to retain copies of any grand jury materials;

    d. No person, other than defense counsel, make any copy of the grand jury materials for any purpose; and

    e. At the conclusion of the case in this Court, by entry of the Court's judgment, defense counsel collect all such copies and return them to the government within ten days.

  6. In the event that the defendant is convicted of any offense in this matter, the Government further requests authorization to provide the above referenced grand jury materials to the United States Probation Office (USPO) for the limited purpose of preparing a presentence investigation report which will be filed under restriction.  The government would request that the Court further order that:

    a. The USPO make only such copies as are necessary to prepare a restricted presentence investigation report in this case; and

    b. At the conclusion of the case in this Court, by entry of the Court's judgment, the USPO will destroy all grand jury materials in a manner that will ensure that they are not further disseminated.

  7. The government has been in contact with the attorney retained to represent LORI MILLIRON in this matter and expects him to soon file an entry of appearance.  The governments requests that the Order authorize the disclosure following that formal entry of appearance.

  WHEREFORE, the Government requests that the Court enter an Order pursuant to Rule 6(e)(3)(E)(i) allowing disclosure of a copy of the transcripts of testimony given by any witnesses

. . . .

. . . .

. . . .

. . . .

before the grand jury, and accompanying exhibits, to the attorneys for the defendants in this case and the USPO on the conditions described above.

Dated this 22nd day of February, 2022.

COLE FINEGAN
United States Attorney

By: /s Bryan Fields
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By: E. Garreth Winstead
E. Garreth Winstead
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Garreth.Winstead@usdoj.gov
Attorney for the Government

By: J. Bishop Grewell
J. Bishop Grewell
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bishop.Grewell@usdoj.gov
Attorney for the Government

**CERTIFICATE OF SERVICE**

I certify that on this 27th day of January, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

By:  *s/ Danielle Storinsky*
Legal Assistant
United States Attorney's Office