IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-000012-WJM-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LAWRENCE RUDOLPH and
2. **LORI MILLIRON**,

    Defendants.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT LORI MILLIRON'S MOTION TO SET TRIAL DATE AND DEMAND FOR SPEEDY TRIAL**

---

The Court has ordered the United States to respond to two questions. [ECF No. 83.]

Question 1: How does defendant Lori Milliron's request for a speedy trial affect the government's prior request to continue Defendant's Lawrence Rudolph's trial to July 11, 2022?

    Gov't Answer: Milliron's motion has no effect on the government's request. The government continues to believe that a trial setting continued until July furthers the ends of justice.

Question 2: How does defendant Lori Milliron's request for a speedy trial affect the Court's ability to hold a joint trial on July 11, 2022?

    Gov't Answer: The defendant's motion does not affect the court's *ability* to hold a joint trial under the speedy trial act, even if practical issues of trial administration may favor a limited severance.

1

1. The original Indictment in this matter, returned on January 5, 2022, charged defendant Lawrence Rudolph with one count of foreign murder in violation of 18 U.S.C. §§ 1119 and 1111 (Count 1) and one count of mail fraud in violation of 18 U.S.C. § 1341 (Count 2). The grand jury returned a Superseding Indictment on February 9, 2022, that re-stated both of those counts while adding charges against Lori Milliron. [ECF No. 26.] The additional counts charge Milliron with obstructing the grand jury in violation of 18 U.S.C. § 1503(a) (Count 4), perjury in violation of 18 U.S.C. § 1623(a) (Counts 5-9) and, accessory-after-the-fact in violation 18 U.S.C. § 3 (Count 3). [ECF No. 53.] The last charge is based on the obstruction and perjury counts occurring because of Milliron's efforts to assist Rudolph in escaping culpability for the murder after she knew that he had committed it.

2. The Speedy Trial Act requires a trial here no later than 70 days after the defendant's initial appearance in Colorado, unless a specific exclusion to that general rule applies. 18 U.S.C. §§ 3161(c)(1) and (h).

3. Defendant Lori Milliron's initial appearance here in Colorado was on February 23, 2020. [ECF No. 73.] The seventy-day period therefore ends on May 4, 2022. But pretrial motions (like this one) toll the speedy trial period from the date of its filing through the conclusion of any hearing or its "prompt disposition," as well as any period not to exceed 30 days in which the motion is actually under advisement. 18 U.S.C. §§ 3161(h)(1)(D) and (H). The clock has been tolled then since Milliron's motion was filed on March 2, 2022. It will remain tolled for thirty days after this response has been filed (and the matter is therefore "under advisement) or until a hearing on it occurs. *See United States v. Tranakos*, 911 F.2d 1422, 1426-27 (10th Cir. 1990) (noting that exclusion between filings of motion and hearing is automatically excludable). Assuming that no hearing is necessary, subsections 3161(H)(1)(D)

and (H) would exclude the 37 days from March 2 through April 8, 2022 (thirty days after this filing). That would push the speedy trial deadline for defendant Lori Milliron to June 10, 2022. This all ignores § 3161(h)(6) and the effect of her co-defendant on the speedy trial clock.

**Milliron Speedy Trial Clock Without Considering Rudolph**

| Date | Event | S.T. Days Elapsed (& total) |
|---|---|---|
| February 23 until March 1 with no motions pending | Milliron Appears | 7 (7) |
| March 2 | Milliron files speedy trial motion tolling clock | Excluded |
| March 9 | This motion is filed starting 30-day clock for "under advisement" | Excluded |
| March 10 to April 8 | 30 days under advisement | Excluded |
| April 9 to June 10 | Clock begins again | 63 (70) |

4. While the Speedy Trial Act contemplates a separate "speedy trial clock" for each defendant, one of its provisions largely collapses them into one master clock for the entire matter. Under § 3161(h)(6) the speedy trial clock is also tolled for "reasonable periods of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for a severance has been granted." Whether a period of delay is reasonable depends on a weighing of the "relevant circumstances." *Tranakos*, 911 F.2d 1422 at 1426. One of those circumstances is the fact that Milliron is out on bond: delaying her trial so that it can proceed together with Rudolph's does not result in a longer period of detention for her before the charges can be evaluated by a jury. *Id.* Another factor is "the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial[.]" *Id.* This also weighs in favor of finding that delaying the trial while Rudolph's motions — his pending motion to dismiss

3

for lack of venue and the pending motion for an ends of justice continuance — is reasonable. A final circumstance — whether Milliron has zealously pursued a trial — weighs against finding a delay reasonable. *Id.* But the additional delay here is only approximately 30 days, so the weight added to this side of the balance is relatively slight. All told, the first two circumstances strongly weigh in favor of finding the periods of delay necessary to adjudicate aspects of Rudolph's case a reasonable price to pay for a joint trial, which is strongly preferred. *United States v. Cortes-Gomez*, 926 F.3d 699, 705 (10th Cir. 2019).

5. "A single trial is ideal when the government plans to recite a single factual history, put on a single array of evidence, and call a single group of witnesses." *Id.* (quoting *United States v. Margheim*, 770 F.3d 1312, 1319 (10th Cir. 2014). This is precisely what the government intends with regard to the accessory-after-the-fact charge in Count 3 of the Superseding Indictment. That charge requires the government to prove that the murder did, in fact, occur. Tenth Circuit Pattern Jury Instruction Nos. 2.07 (2021). This means that a joint trial between the two defendants contains substantial overlap, with the major difference between the case against the two defendants being that the government will also present a few additional witnesses — all of them within the United States — to show that Milliron was aware that Rudolph had committed the crime and then decided to assist him by deceiving the grand jury investigating that crime.

6. A delay of approximately 30 days so that the Court can fully consider the efficiencies of a joint trial is reasonable under § 3161(h)(6) and, for this reason, the government does not believe that Milliron's motion has any practical effect on the court's ability to hold a joint trial in July. The law empowers the Court to consider the efficiencies of a joint trial

without worrying about the speedy trial clock for each individual defendant up and until it is asked to, and does, actually grant a severance.

7. For similar reasons, Milliron's request does not affect the government's position regarding co-defendant Lawrence Rudolph's motion for a trial setting of July 11, 2022. Rudolph is detained and thus has a weightier interest in having the case decided by a jury at the earliest opportunity consistent with other interests, such as his constitutional right to counsel of his choice and to provide sufficient time for that diligent counsel to prepare his defense. Having the trial on July 11, 2022, is consistent with his request and is also a reasonable period of delay for co-defendant Milliron under § 3161(h)(6) to allow this Court to efficiently manage the case.

8. While defendant Lori Milliron's motion does not affect the government's position regarding the pending motion for a July 11, 2022 trial date, the government draws the Court's attention to an additional consideration. The case for tolling the speedy trial act with regard to Milliron's case is weaker for Counts 4-9 than it is for count 3. While the evidence supporting the accessory-after-fact charge contains substantial overlap with the murder case, the evidence supporting the other charges against Lori Milliron is easier to separate from the murder and involves fewer logistically challenging witnesses. Trial on the obstruction and perjury counts — Counts 4-9 — does not require proof of the underlying murder and would instead involve separate witnesses relating to the grand jury testimony, evidence that it was intentionally deceptive, and evidence of the motives behind the decision to engage in such deception. The government believes that all of this evidence can be presented at a joint trial, but Defendant Rudolph has stated that he intends to file a motion for a severance. To the extent that there is a stronger legal basis for severance of Counts 4-9 than for Count 3, there is also a stronger

argument that delay to try Counts 4-9 together with the murder and Count 3 is less reasonable under 3161(h)(6) and that the Court should consider granting a partial severance. For this reason, if the Court is inclined to grant the defendant's motion, the government asks that the court grant a partial severance with regard to Counts 4-9. That trial would be much shorter than the trial involving the murder. Resolution of those counts would provide substantial clarity to the parties regarding defendant Milliron's criminal liability and may obviate the need for a later trial on the accessory-after-the-fact count. A limited trial on those counts before the murder trial offers some efficiency in eliminating the need for briefing and argument on severance motions and would also make the murder trial somewhat shorter.

Respectfully submitted,

COLE FINEGAN
United States Attorney

| By: */s Bryan Fields* | By: *E. Garreth Winstead* | By: *J. Bishop Grewell* |
|---|---|---|
| Bryan Fields | E. Garreth Winstead | J. Bishop Grewell |
| Assistant United States Attorney | Assistant United States Attorney | Assistant United States Attorney |
| U.S. Attorney's Office | U.S. Attorney's Office | U.S. Attorney's Office |
| 1801 California St. Suite 1600 | 1801 California St. Suite 1600 | 1801 California St. Suite 1600 |
| Denver, CO 80202 | Denver, CO 80202 | Denver, CO 80202 |
| (303) 454-0100 | (303) 454-0100 | (303) 454-0100 |
| Bryan.Fields3@usdoj.gov | Garreth.Winstead@usdoj.gov | Bishop.Grewell@usdoj.gov |
| Attorney for the Government | Attorney for the Government | Attorney for the Government |

## **CERTIFICATE OF SERVICE**

   I hereby certify that on 9th day of March, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.

                   *s/ E. Garreth Winstead*
                   United States Attorney's Office