# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-000012-WJW

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. LAWRENCE RUDOLPH,
2. **LORI MILLIRON,**

    Defendants.

---

**LORI MILLIRON'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

---

Ms. Lori Milliron, ("Milliron") respectfully files her objections to the Presentence Investigation Report (PSRO.

### I.     OFFENSE CONDUCT

Milliron objects to the summary of the facts of the case as set forth in the PSR. The summary is based upon a skewed interpretation by the Government of the evidence brought against Milliron and does not reference actual trial transcripts which are available to the Government. Milliron relies upon the trial record and evidence received as the basis of the facts governing the underlying conduct.

### II.     ENHANCEMENT

Milliron objects to the PSR that an enhancement is applicable in this matter. No competent evidence was received at trial that Milliron aided or abetted the underlying murder of Bianca

Rudolph. The references to Millirion allegedly ordering Propofol lack any relation to the actual evidence received at trial, which unequivocally established Propofol was not involved in the death of Bianca Rudolph. Therefore, any recommendation for enhancement is based upon a trial red herring which had nothing to do with Bianca Rudolph's death. The only charge and indeed only evidence against Milliron stemmed from her testimony before the grand jury. All other references to conduct other than her testimony do not amount to relevant conduct warranting an enhancement.

### III.   POST-TRIAL CONDUCT

The PSR adopts the Government's characterization of Milliron's post-trial conduct without exception. The only undisputed fact concerning Milliron's post-trial conduct was her speaking on the phone with Rudolph against the terms of her bond agreement. The original purpose of the "no contact except through counsel" provision of Milliron's original bond was due to the Government's concern about Rudolph intimidating Milliron as a witness. Obviously, this concern no longer existed post-verdict. Nonetheless, Milliron conceded that the calls were in violation of her bond and she is currently incarcerated awaiting sentencing. All other allegations concerning alleged theft or conversion of Rudolph's property were strongly contested at Milliron's bond hearing and continue to lack any basis in fact. Therefore, bootstrapping Milliron's post-trial actions or inactions into relevant conduct is not a matter that should be considered at sentencing.

### IV.   FINE AND ABILITY TO PAY

Milliron objects to the characterization in the PSR that she may have the ability to pay a fine in the future. Milliron is currently without income and has no access to any funds, as she

was fired from her job by Rudolph's son within minutes of the verdict and has been locked out of her residence and bank accounts. There is no Hollywood movie deal. Milliron stands to make no money at all from any news coverage of this case. Therefore, she currently lacks any resources to pay a fine and will not have any such resources in the future.

WHEREFORE Lori Milliron respectfully requests that her objections be sustained.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of Defendant Milliron's Objections to Presentence Investigation Report was sent via Electronic Mail and/or the CM/ECF System upon all registered PACER and CM/ECF users/attorneys in this case. On November 15, 2022.

By:   /s/ John W. Dill